STATE

v.

Ronald BOURDEAU.

No. 87-262-C.A.

Supreme Court of Rhode Island.

June 27, 1988.

James E. O'Neil, Atty. Gen., Thomas Dickinson, Asst. Atty. Gen., for plaintiff.

Barbara Hurst, John M. Bailey, IV, Asst. Public Defenders, for defendant.

## OPINION

SHEA, Justice.

This matter is before the Supreme Court on appeal by the defendant, Ronald Bourdeau, from a denial of his motion to vacate pleas of nolo contendere entered by him in the Superior Court.

In October 1981 three indictments were returned against defendant by the grand juries in Providence, Kent, and Washington counties. Each indictment charged Bourdeau with sexual penetration by force and coercion in violation of G.L. 1956 (1981 Reenactment) § 11-37-2 and § 11-37-3. The Washington County indictment further charged defendant with robbery in violation of G.L. 1956 (1981 Reenactment) § 11-39-1 and carrying a firearm while committing a crime of violence in violation of G.L. 1956 (1981 Reenactment) § 11-47-3. The Kent County indictment contained the additional charge of carrying a firearm while committing a crime of violence and carrying a handgun without a license in violation of § 11-47-8.

After numerous delays during which defendant's competency to stand trial was assessed, defendant eventually entered pleas of nolo contendere before a trial justice of the Superior Court on May 14 and 15, 1984. The trial justice informed defendant of the constitutional rights that he was giving up by entering such a plea and then stated that he had agreed to impose a sentence of twenty-five years at the Adult Correctional Institutions (ACI), fifteen years to serve, and ten years suspended with probation for the sexual offenses and ten years to serve for the firearm charges, both sentences to run concurrently.

During the sentencing proceeding on May 14, 1984, defendant's attorney stated to the court:

> "One of the conditions of the plea is he would be transferred to a hospital in Connecticut that treats sex offenders that have been convicted of crimes. The I.M.H. [Institute of Mental Health] is supposed to be making those arrangements. Pending that happening, he would be [detained] at a more secure facility at the I.M.H."

On March 21, 1986, the state filed a motion to review the sentence imposed on defendant. It alleged that defendant, who had been held at the IMH since the imposition of the sentences, was no longer in need of such a facility and should be incarcerated at the ACI.

The docket sheet in the Superior Court file indicates that on April 27, 1987, defendant filed a motion to vacate his plea of nolo contendere. The motion itself does not appear in the record of the case, but it is

obvious from the argument of counsel recorded in the transcript of the hearing that the motion was based on defendant's assertion that the plea bargain had been breached because the state had not transferred him for treatment as a sex offender to the Somers, Connecticut, facility where such a program was operated.

Unfortunately the record does not disclose what efforts, if any, were made to implement the alleged bargain, and there are no findings by the trial justice about what that bargain in fact contained. Consequently we are unable to determine the rights of the defendant and the state on this record.

Therefore, the case is remanded to the Superior Court for an evidentiary hearing on the state's and the defendant's motions and for findings of fact and conclusions of law based on the evidence produced at that hearing. If the decision of the trial justice, after hearing, is adverse to the defendant, the case is then ordered returned to this court for our review and opinion on the merits of the appeal.